377 P.2d 1015

Charlotte Helen PACEY, Widow of Leonard
Pacey, Deceased, Petitioner,

v.

The INDUSTRIAL COMMISSION of Ari-
zona and H. C. Price Company,
Respondents.

No. 7490.

Supreme Court of Arizona,

En Banc.

Jan. 23, 1963.

**2**

Shimmel, Hill, Kleindienst & Bishop, Phoenix, for petitioner.

Donald J. Morgan, Phoenix, C. E. Singer, Jr., Lorin G. Shelley, Ben P. Marshall, Phoenix, and Robert D. Steckner, of counsel, for respondent Industrial Commission.

LOCKWOOD, Justice.

This appeal is before us on certiorari from an award of the Industrial Commission finding that the average monthly wage of the petitioner's husband at the time he was injured, for the purpose of computing compensation payable to her, was $407.95 per month.

Leonard Pacey, deceased husband of the petitioner, was employed as a welder's helper by H. C. Price Company on the construction of a natural gas line across northern Arizona from the New Mexico to the California border. Pacey had started work on about the 23rd of December, 1959, and on January 7, 1960, he was injured from a fall into a ditch on the pipeline job, an accident arising out of and in the course of his employment which subsequently caused his death on January 17, 1960. During his employment, the deceased was paid at the hourly rate of $2.69 an hour for the first forty hours in the week and an overtime hourly wage of $4.035 for all time in excess thereof.

Decedent's widow, Charlotte Helen Pacey, applied to the Industrial Commission of Arizona for death benefits provided by the Workmen's Compensation law. After one prior award and a rehearing the commission, on December 1, 1961, made its "decision on rehearing and amended award" which is here in question. The commission therein determined and found that welder's helpers were averaging twenty hours at the overtime rate per week at the time of deceased's injury and for the balance of the pipeline construction project in northern Arizona. They also found "that such pipeline welder's helpers had available to them an average of six months employment per year, which reasonably reflects the availability of employment of welder's helpers in the industry in which Mr. Pacey was engaged." Because of the above quoted finding, the commission found the average monthly wage for Leonard Pacey was $407.-95. These last two stated findings of the commission the petitioner assigns as error urging that the evidence conclusively establishes that the opportunity for employment of welder's helpers in pipeline construction exists for twelve months of each year and that there is no substantial evidence to support the commission's findings.

The main issue thus involved is whether the commission did have sufficient testimony and evidence to support its finding that there was work opportunity for welder's helpers for only six months out of the year. We recently stated in Pettis v. Industrial Commission, 91 Ariz. 298, 302,

372 P.2d 72, 75 (1962), that "[s]easonal employment refers to occupations which can be carried on only at certain seasons or fairly definite portions of the year. It does not include such occupations as may be carried on throughout the entire year." Certain witnesses before the commission expressed their opinions that the pipeline construction work was seasonal. Marvin Pacey, son of the deceased, was a welder on the job where his father was killed and he stated that the work might be termed seasonal in that there was more work in the summer than in the winter, but he also stated that there was always work available and it was more or less a question of whether the employee wanted to work. He stated that recently he had had fourteen months of continuous employment while working on various pipeline jobs. All this time he had welder's helpers working with him.

There was also testimony from certain employees of H. C. Price Company to the effect that they were never busy more than half the time and that the weather conditions play an important part as to when work can be carried on. The welding work, they stated, cannot be done during extreme cold and rainy weather. However, on cross-examination their testimony and experience was found to be limited to their employer, the H. C. Price Company, and did not extend to the industry as a whole. Further undisputed evidence was that the construction job on which deceased was injured began in December and lasted throughout the winter months in northern Arizona. There was other competent testimony that pipeline construction was carried on several other places during the winter months, thus pointing up the fact that there was continuous work available throughout the industry. (That work was available during the summer months is undisputed). In Field v. Industrial Commission, 73 Ariz. 133, 137, 238 P.2d 953, 956 (1951), we said:

"In determining the 'average monthly wage' of an employee entitled to compensation, the work record is a factor to be considered when the injured employee is engaged in periodic or spot employments which were dealt with and recognized by this court in Gene Autry Productions v. Industrial Commission, 67 Ariz. 290, 195 P.2d 143 (1948); Steward v. Industrial Commission, 69 Ariz. 159, 211 P.2d 217 (1949); Haggard v. Industrial Commission, 71 Ariz. 91, 223 P.2d 915 (1950). But where, as here, the employee is employed by a large public utility having many employees engaged in maintenance and new construction to meet the demands of a large and growing community, it cannot be said that he was engaged in work offering only intermittent employment. This court and the commission can take judicial notice of the industrial pattern in which this employee fitted, including not only

**4**

his work opportunity with this employer but in the industry in which he was employed or businesses in the same or neighboring localities offering employment to workmen of his trade or skill."

Here, as in the Field case, we have a workman whose particular trade or skill was customarily used throughout a very large industry i. e. the construction industry. We fail to find any real basis for the commission's claim that deceased, as a welder's helper, was restricted to work opportunities in the pipeline construction industry only.

■ There is some reference in the commission's brief to testimony that the deceased who was sixty-four years old, intended to work only a few months and retire at age sixty-five. There is also reference to some difficulty which deceased might have had in securing union approval to work as a welder's helper "in other localities where contract stipulations were different." We fail to see the materiality of either of such factual conclusions, even if true.

There being no substantial evidence in the record to support the finding of the Industrial Commission that the employment classification of deceased was seasonal, the award is set aside.

BERNSTEIN, C. J., UDALL, V. C. J., and STRUCKMEYER and JENNINGS, JJ., concurring.