[No. 55160-4-I.   Division One.   October 31, 2005.]

THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant*, v. WILLIAM A. GRANGER, *Respondent*.

*Robert M. McKenna, Attorney General,* and *Timothy S. Hamill* and *John R. Wasberg, Assistants,* for appellant.

*Terry J. Barnett* (of *Rumbaugh Rideout Barnett & Adkins*), for respondent.

¶1 BAKER, J. — For each hour that William Granger worked, his employer paid $2.15 into a union trust fund that provided health care benefits for qualifying employees. But under the collective bargaining agreement which governed his employment, Granger did not have enough hours to qualify for health care benefits at the time of his injury. The Department of Labor and Industries (Department) allowed Granger's claim for time-loss compensation but did not include the $2.15 per hour in the calculation of his "monthly wage." The Board of Industrial Insurance Appeals (Board) reversed the Department, ordering that the $2.15 per hour be included in the calculation. The superior court affirmed the Board, and the Department appeals. Because the $2.15 per hour for health care coverage was a benefit

that Granger was receiving at the time of his injury, which is critical to his health and survival, we affirm.

I

¶2 Granger filed an application for benefits with the Department of Labor and Industries after he sustained an industrial injury on April 20, 1995 while working for G.G. Richardson, Inc. The Department issued an order allowing the claim and awarding time-loss benefit compensation. In July 2004, the Department issued an order affirming an earlier order that set Granger's monthly wages at $2,847.68 for purposes of calculating his time-loss compensation. The Department did not calculate health care benefits into Granger's monthly wages.

¶3 At the time of injury, Granger was a member of Union Local 292 of Washington and Northern Idaho District Council of Laborers. According to the Northwest Laborers-Employer's Health and Security Trust Fund, eligibility for medical benefits was determined on the basis of an hour bank system. For every hour that Granger worked, G.G. Richardson paid $2.15 per hour into the union trust fund for health care coverage. After working a minimum of 200 hours, Granger became eligible for medical benefits. The employer deducted 120 hours from his bank each month for medical coverage, and Granger could claim medical benefits so long as his hour bank did not drop below 120 hours.

¶4 Although Granger had previously become eligible for medical benefits, he did not have enough hours in his "hour bank" on the date of his injury for him to qualify for health care coverage. Granger's eligibility would have been reinstated once his hour bank was rebuilt to 120 hours, so long as that occurred within 10 months. Otherwise, Granger would have forfeited his hours in the hour bank and his medical coverage would have been reinstated only after he worked the minimum 200 hours required for new employees to get coverage.

¶5 Granger appealed the Department's order to the Board, arguing that the value of the employer-paid contri-

bution for health and welfare benefits of $2.15 per hour should be included in the formula used to calculate his wages at the time of injury and the resulting time-loss benefits. The parties submitted the case for decision based on stipulated facts. While the Industrial Appeals Judge affirmed the Department's order, on appeal the Board reversed the appeal judge's decision. The Board remanded the claim, ordering the Department to recalculate Granger's monthly wages and include the employer-paid contribution to Granger's union health care benefit.

¶6 The Department appealed the Board's decision and order. The superior court affirmed the Board's decision after a bench trial. The Department appeals the superior court's judgment. We heard oral argument on July 11, 2005, but stayed our decision pending *Gallo v. Department of Labor & Industries.*[1]

## II

¶7 An appeal to this court from a superior court review of a Board decision "is governed by RCW 51.52.140, which provides that 'the practice in civil cases shall apply to appeals prescribed in this chapter.' "[2] We must interpret RCW 51.08.178. Statutory construction is a question of law, which we review de novo.[3]

¶8 This appeal turns on the meaning of "receiving . . . at the time of injury" for purposes of RCW 51.08.178. The Department argues that the trial court erred because Granger was not eligible to claim health care benefits at the time of his injury and therefore was not "receiving" the benefit of the employer's contributions. In response, Granger argues that the term "receiving" refers to whether his employer was paying consideration at the time of injury, not whether he was eligible to claim the benefit.

---

[1] 155 Wn.2d 470, 120 P.3d 564 (2005).

[2] *Kingery v. Dep't of Labor & Indus.*, 80 Wn. App. 704, 708, 910 P.2d 1325 (1996) (quoting RCW 51.52.140), *aff'd*, 132 Wn.2d 162, 937 P.2d 565 (1997).

[3] *Cockle v. Dep't of Labor & Indus.*, 142 Wn.2d 801, 807, 16 P.3d 583 (2001).

■■ ¶9 Compensation rates for time-loss and loss of earning power are determined "by reference to a worker's 'wages,' as that term is defined in RCW 51.08.178, at the time of the injury."[4] Monthly wages include both cash wages and other consideration paid by the employer that is critical to protecting the worker's basic health and survival.[5]

■■ ¶10 In pertinent part, RCW 51.08.178 provides:

(1) For the purposes of this title, the monthly wages the worker was receiving from all employment at the time of injury shall be the basis upon which compensation is computed unless otherwise provided specifically in the statute concerned.

. . . .

The term "wages" shall include the reasonable value of board, housing, fuel, or other consideration of like nature received from the employer as part of the contract of hire, but shall not include overtime pay except in cases under subsection (2) of this section.[6]

In *Cockle v. Department of Labor & Industries*,[7] our Supreme Court considered whether the value of employer-provided health care coverage is " 'other consideration of like nature.' "[8] Concluding that this phrase is ambiguous, the court engaged in statutory construction.[9] Because the statute is remedial in nature, the court liberally construed the statute and resolved doubts in favor of the worker.[10] It explained that "Title 51 RCW's overarching objective is 'reducing to a minimum the *suffering* and economic loss arising from injuries and/or death occurring in the course of

---

[4] *Cockle*, 142 Wn.2d at 806.

[5] *Cockle*, 142 Wn.2d at 822.

[6] RCW 51.08.178(1).

[7] 142 Wn.2d 801, 16 P.3d 583 (2001).

[8] *Cockle*, 142 Wn.2d at 805 (emphasis omitted) (quoting RCW 51.08.178(1)).

[9] *Cockle*, 142 Wn.2d at 821-22 (citing *Wichert v. Cardwell*, 117 Wn.2d 148, 151, 812 P.2d 858 (1991)).

[10] *Cockle*, 142 Wn.2d at 819-20.

employment.' "[11] The court noted that wage calculation under the statute was changed by the 1971 legislature to reflect a worker's actual " 'lost earning capacity,' "[12] and that "the workers' compensation system should continue 'serv[ing] the [legislature's] goal of swift and certain relief for injured workers.' "[13] The court then construed the phrase "board, housing, fuel, or other consideration of like nature"[14] to mean "readily identifiable and reasonably calculable in-kind components of a worker's lost earning capacity at the time of injury that are critical to protecting workers' basic health and survival."[15] The court further explained that "[c]ore, nonfringe benefits such as food, shelter, fuel, and health care all share that 'like nature.' "[16]

¶11 The circumstances we are presented with differ from those in *Cockle* because, unlike Granger, at the time of her injury Cockle was eligible to claim health care benefits.[17] But this distinction is immaterial to our determination that Granger was receiving health care benefits at the time of injury.

¶12 In *Gallo v. Department of Labor & Industries*,[18] our Supreme Court clarified that the "receiving . . . at the time of injury" limitation under RCW 51.08.178 asks "whether the employer was providing consideration of like nature at the time of the injury."[19] In *Gallo*, the court decided whether consideration paid by employers for certain benefits, such as retirement plans, apprentice programs, and

---

[11] *Cockle*, 142 Wn.2d at 822 (quoting RCW 51.12.010).

[12] *Cockle*, 142 Wn.2d at 822 (quoting *Double D Hop Ranch v. Sanchez*, 133 Wn.2d 793, 798, 947 P.2d 727 (1997)).

[13] *Cockle*, 142 Wn.2d at 822 (first alteration in original) (quoting *Weyerhaeuser Co. v. Tri*, 117 Wn.2d 128, 138, 814 P.2d 629 (1991)).

[14] RCW 51.08.178(1).

[15] *Cockle*, 142 Wn.2d at 822.

[16] *Cockle*, 142 Wn.2d at 822-23.

[17] *Cockle*, 142 Wn.2d at 805-06.

[18] 155 Wn.2d 470, 120 P.3d 564 (2005).

[19] *Gallo*, 155 Wn.2d at 491.

life insurance, constituted "other consideration of like nature" under RCW 51.08.178(1). It analyzed each contribution under the test set forth in *Cockle*, explaining that not all contributions are critical to the basic health and survival of the worker and concluded that the contributions in question did not constitute wages.[20]

¶13 The Department argued in *Gallo*, as it does here, that "receiving . . . at the time of injury" means that the worker must be able to claim the benefit at the time of the injury. Our Supreme Court rejected this assertion and clarified that a worker receives wages when the employer provides consideration.[21]

¶14 Because Granger's employer was paying $2.15 per hour for his health care coverage, Granger was receiving that benefit at the time of injury. And *Cockle* makes clear that health insurance payments are "readily identifiable and reasonably calculable in-kind components of a worker's lost earning capacity at the time of injury that are critical to protecting workers' basic health and survival," and therefore properly calculated into a worker's monthly wages under RCW 51.08.178.[22]

¶15 While rejecting the argument that retirement benefits are "other consideration of like nature" for purposes of wage calculation, the *Gallo* court explained that employer payments into retirement plans are not benefits critical to the basic health and survival of a worker at the time of injury because "they are not intended to be, nor are they generally immediately available to the worker at the time of injury."[23] Similarly, Granger's health benefits were not immediately available to him at the time of injury. But employer payments for health care coverage are distinguishable from retirement payments. Unlike retirement benefits, health care benefits are intended for the basic

---

[20] *Gallo*, 155 Wn.2d at 474.

[21] *Gallo*, 155 Wn.2d at 491.

[22] *Cockle*, 142 Wn.2d at 822.

[23] *Gallo*, 155 Wn.2d at 491-92.

health and survival of the worker while employed. And, although Granger's health care coverage had temporarily lapsed, the employer was replenishing his bank with each hour he worked and Granger would have soon realized the benefit.

¶16 The Department argues that WAC 296-14-526 directly addresses the question presented by Granger's case. Under WAC 296-14-526, the value of other consideration of like nature is included in the worker's monthly wages only where the worker was actually eligible to receive the benefit.[24] Although an appellate court defers to an " 'agency's interpretation when that will help the court achieve a proper understanding of the statute,' " such interpretations are not binding.[25] If the agency's interpretation conflicts with a statutory mandate, deference is inappropriate.[26] " '[B]oth history and uncontradicted authority make clear that it is emphatically the province and duty of the judicial branch to say what the law is' and to 'determine the purpose and meaning of statutes.' "[27]

¶17 Because *Cockle* and *Gallo* dictate that health care payments made by an employer at the time of a worker's injury must be included in the calculation of the worker's monthly wages for purposes of RCW 51.08.178, WAC 296--14-526 is not controlling.

¶18 Granger requests attorney fees under RCW 51-.52.130, which provides:

> If, on appeal to the superior or appellate court from the decision and order of the board . . . where a party other than the worker or beneficiary is the appealing party and the worker's or beneficiary's right to relief is sustained, a reasonable fee for the services of the worker's or beneficiary's attorney shall be fixed

---

[24] WAC 296-14-526(1)(b)(ii).

[25] *Cockle*, 142 Wn.2d at 812 (quoting *Clark County Citizens United, Inc. v. Clark County Natural Res. Council*, 94 Wn. App. 670, 677, 972 P.2d 941 (1999)).

[26] *Cockle*, 142 Wn.2d at 812 (citing *Dep't of Labor & Indus. v. Landon*, 117 Wn.2d 122, 127, 814 P.2d 626 (1991)).

[27] *Cockle*, 142 Wn.2d at 812 (alteration in original) (quoting *Overton v. Econ. Assistance Auth.*, 96 Wn.2d 552, 555, 637 P.2d 652 (1981)).

by the court. . . . If . . . in an appeal by the department or employer the worker or beneficiary's right to relief is sustained, . . . the attorney's fee fixed by the court, for services before the court only, . . . shall be payable out of the administrative fund of the department.[28]

Because the Department appealed and Granger's right to relief is sustained, we award reasonable attorney fees for services before this court only.[29]

¶19 Affirmed.

APPELWICK, A.C.J., and GROSSE, J., concur.

Review granted at 157 Wn.2d 1021 (2006).

---

[28] RCW 51.52.130.

[29] *Piper v. Dep't of Labor & Indus.*, 120 Wn. App. 886, 890, 86 P.3d 1231, *review denied*, 152 Wn.2d 1032 (2004).