# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

JAMES L. MILLER,

        Respondent,

v.

SHOPE CONCRETE PRODUCTS CO.,

        Defendant,

DEPARTMENT OF LABOR AND
INDUSTRIES OF THE STATE OF
WASHINGTON,

        Appellant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

DIVISION ONE

No. 76013-1-I

PUBLISHED OPINION

FILED: March 20, 2017

COURT OF APPEALS DIV I
STATE OF WASHINGTON
FILED
2017 MAR 20 AM 8: 45

DWYER, J. — The Department of Labor and Industries appeals from a decision of the superior court reversing an order of the Board of Industrial Insurance Appeals. The Department asserts that the superior court erred by determining that James Miller was entitled to have the value of health care benefits included in his wage computation. This is so, the Department contends, because, at the time of Miller's injury, his employer had made no payments or contributions toward health care benefits on Miller's behalf. The Department is correct.

Pursuant to the plain language of RCW 51.08.178(1), and consistent with existing case authority, a worker's wage computation includes health care

benefits when the worker's employer made payments or contributions toward those benefits at the time of the injury. Miller concedes that, at the time of his injury, his employer had made no payments or contributions toward health care benefits on his behalf. Accordingly, we reverse the decision of the superior court and reinstate the Board's decision.

I

Miller began working for Shope Concrete Products Company on September 10, 2012. On that day, he also began a 90-day orientation period. Upon completion of the orientation, Shope was to provide him with health care benefits.

A month and a half later, Miller suffered a lower back injury at work. He did not complete his orientation period and did not return to work at Shope. Because Miller never completed the orientation, Shope never paid or contributed funds toward health care benefits on Miller's behalf.

Miller applied to the Department of Labor and Industries for wage benefits resulting from his injury. The Department allowed Miller's claim to go forward and, a year later, issued a wage order calculating his wages at $3,335.20 per month. The order did not include any amount attributable to the health care benefits that Miller's employer would have provided him had he completed the orientation. Miller protested the Department's computation but the Department affirmed its wage order. Miller then appealed the Department's order to the Board of Industrial Insurance Appeals. The Board issued a decision and order affirming the Department's exclusion of health care benefits from Miller's wage

calculation.

Miller then appealed the Board's order to the Pierce County Superior Court. The superior court reversed, determining that Miller's workers' compensation wages should have included an amount attributable to health care benefits because Shope would have provided such benefits to Miller had he completed the orientation.

The Department now appeals.

## II

## A

The Department asserts that the trial court erred by ordering that Miller's wage order be modified so as to include an amount attributable to his employer's health care payments or contributions on his behalf. This is so, the Department contends, because, at the time of Miller's injury, his employer had, in fact, never made payments or contributions toward health care benefits on Miller's behalf. We agree.

In workers' compensation cases, we review de novo the superior court's conclusions of law. Rogers v. Dep't of Labor & Indus., 151 Wn. App. 174, 180, 210 P.3d 355 (2009) (quoting Watson v. Dep't of Labor & Indus., 133 Wn. App. 903, 909, 138 P.3d 177 (2006)). "We may substitute our own judgment for that of the agency regarding issues of law, but we give great weight to the agency's interpretation of the law it administers." Dep't of Labor & Indus. v. Allen, 100 Wn. App. 526, 530, 997 P.2d 977 (2000) (citing Dep't of Labor & Indus. v. Kantor, 94 Wn. App. 764, 772, 973 P.2d 30 (1999)).

"If a statute's meaning is plain on its face, then we give effect to that plain meaning as an expression of legislative intent." Hill v. Dep't of Labor & Indus., 161 Wn. App. 286, 293, 253 P.3d 430 (2011) (citing State ex rel. Citizens Against Tolls (CAT) v. Murphy, 151 Wn.2d 226, 242, 88 P.3d 375 (2004)).

Workers' compensation statutes are to be liberally construed and any disagreement regarding the meaning of a Title 51 provision should be interpreted in favor of the worker. Dep't of Labor & Indus. v. Granger, 159 Wn.2d 752, 757-58, 153 P.3d 839 (2007) (quoting RCW 51.12.010; Cockle v. Dep't of Labor & Indus., 142 Wn.2d 801, 811, 16 P.3d 583 (2001)). However, "[r]ules of liberal construction cannot be used to change the meaning of a statute which in its ordinary sense is unambiguous." Wilson v. Dep't of Labor & Indus., 6 Wn. App. 902, 906, 496 P.2d 551 (1972). Indeed, "statutes must not be construed in a manner that renders any portion thereof meaningless or superfluous," Cockle, 142 Wn.2d at 809 (citing Stone v. Chelan County Sheriff's Dep't, 110 Wn.2d 806, 810, 756 P.2d 736 (1988)), or "in a way that would lead to a 'strained or unrealistic interpretation.'" Granger, 159 Wn.2d at 757 (quoting Senate Republican Campaign Comm. v. Pub. Disclosure Comm'n, 133 Wn.2d 229, 243, 943 P.2d 1358 (1997)).

RCW 51.08.178(1) provides:

For the purposes of this title, *the monthly wages the worker was receiving from all employment at the time of injury shall be the basis upon which compensation is computed* unless otherwise provided specifically in the statute concerned. . . .

. . . .

The term "wages" shall include the reasonable value of board, housing, fuel, or other consideration of like nature received from the employer as part of the contract of hire, but shall not

include overtime pay except in cases under subsection (2) of this section. As consideration of like nature to board, housing, and fuel, *wages shall also include the employer's payment or contributions, or appropriate portions thereof, for health care benefits* unless the employer continues ongoing and current payment or contributions for these benefits at the same level as provided at the time of injury.

(Emphasis added.)

A plain reading of this provision reveals that a wage computation includes health care benefits when, at the time of the worker's injury, the employer was paying or contributing toward that worker's health care benefits.

This interpretation is consistent with our Supreme Court's decisions in Cockle, 142 Wn.2d 801, and Granger, 159 Wn.2d 752, both of which interpreted former RCW 51.08.178(1) (1988), and both of which analyzed whether wages, as defined in the 1988 statute, included health care benefits.[1] This issue came before our Supreme Court because the 1988 statute's language, unlike that of the current statute, did not contain the "health care benefit[]" or "payment or contributions" language. Rather, the provision defined "wages," in pertinent part, as "the reasonable value of board, housing, fuel, or other consideration of like nature received from the employer as part of the contract of hire." Former RCW 51.08.178(1).

---

[1] Although it does not impact our analysis, the timing between the legislative history of the bill to amend former RCW 51.08.178(1), our decision in Granger, 130 Wn. App. 489, 123 P.3d 858 (2005), and our Supreme Court's decision in Granger, 159 Wn.2d 752, bears mentioning.

We issued our decision in Granger in October 2005. 130 Wn. App. 489. The bill to amend former RCW 51.08.178(1) was presented to our state legislature in February 2007. SUBSTITUTE H.B. 1244, 60th Leg., Reg. Sess. (Wash. 2007).

One month later, in March 2007, our Supreme Court issued its decision in Granger. 159 Wn.2d 752. One month after that, the bill was passed by our House and Senate. SUBSTITUTE H.B. 1244. Three months later, in July 2007, the bill became effective. SUBSTITUTE H.B. 1244.

In <u>Cockle</u>, our Supreme Court determined that a worker's "wages" pursuant to former RCW 51.08.178(1) included an employer's health care premium payments to the worker at the time of injury. Specifically, the court ruled that "[t]he value of such premiums should have been included in the RCW 51.08.178 basis used to calculate [the] workers' compensation payments." <u>Cockle</u>, 142 Wn.2d at 823.

In <u>Granger</u>, our Supreme Court determined that funds that an employer had paid into a trust for a worker's health care benefits constituted "wages," notwithstanding that, at the time of injury, the worker was not yet eligible to receive the health care coverage. Granger's employer had paid $2.15 into a health care benefit trust fund on a worker's behalf for every hour worked. To receive health care coverage for the month, however, the worker had to have logged 120 hours the month beforehand. Granger became injured on the jobsite after having logged only 64 of the 120 hours required for coverage. Consequently, Granger's employer had paid corresponding amounts to his health care benefit trust but did not provide him with health care coverage for the following month. Granger sought workers' compensation for his injury. <u>Granger</u>, 159 Wn.2d at 756. In computing his wages, the Department did not include the health care benefit trust payments because, notwithstanding the trust funds set aside, Granger was not actually receiving health care coverage at the time of his injury. <u>Granger</u>, 159 Wn.2d at 756-57.

Our Supreme Court reversed, instructing that "the proper focus under RCW 51.08.178's 'receiving at the time of injury' language is on the payment

made for the benefit and not on eligibility for coverage itself." Granger, 159 Wn.2d at 766-67. Because his employer was making payments toward his health care benefits at the time of his injury, the court concluded, Granger's wage calculation properly included an amount attributable to those health care benefits. Granger, 159 Wn.2d at 765.

Here, Miller concedes that Shope was not paying or contributing to health care benefits on his behalf at the time he was injured.

It is thus clear that Miller is not entitled to have an amount attributable to employer-provided health care benefits included in his wage computation. For such a contention to be warranted, RCW 51.08.178(1) plainly requires that an employer be making payment or contributions toward the worker's health care benefits at the time of injury. Indeed, case authority has never held that a worker in the circumstances here presented is entitled to have a value attributable to health care benefits included in the wage computation. At the time of Miller's injury, Shope was neither paying for his health care coverage premiums, Cockle, 142 Wn.2d 801, nor making payments into a trust fund for his health care benefits, Granger, 159 Wn.2d 752. Thus, the superior court erred by ruling that Miller is entitled to a wage computation that includes a value attributable to employer-provided health care benefits.[2]

---

[2] Miller requests that we extend Cockle and Granger—and, by necessity, reinterpret RCW 51.08.178(1)—to conclude that he is entitled to have the value of health care benefits included in his wage computation, notwithstanding the absence of payment or contribution by his employer. We decline to do so. The language of RCW 51.08.178(1) is clear. We will not "change the meaning of a statute which in its ordinary sense is unambiguous." Wilson, 6 Wn. App. at 906.

Miller next asserts that he is entitled to have the value of health care benefits included in his wage computation because the benefits constitute "other consideration of like nature received from the employer as part of the contract of hire." RCW 51.08.178(1). Alternatively, Miller

B

The Department requests that we reverse the superior court's award of costs and attorney fees to Miller. Because the superior court erred by determining that Miller prevailed in his suit against the Board, the Department's request is granted. Similarly, Miller's request for an award of attorney fees on appeal is denied.

Reversed.

We concur:

Trickey, A.C.J.

Deyer, J.

Spearman, J.

---

contends that the focus regarding his wage computation should be on his lost earning capacity, rather than whether his employer was making payments or contributions toward his health care benefits.

As to both contentions, we disagree. Miller's interpretations would effectively excise the "payment or contributions" language from RCW 51.08.178(1). Removing this language would be contrary to the legislature's clearly expressed intent. Cockle, 142 Wn.2d at 809; Wilson, 6 Wn. App. at 906.