[No. 17873-7-II.   Division Two.   February 23, 1996.]

MARIE KINGERY, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant*.

*Christine O. Gregoire, Attorney General*, and *Michael K. Davis-Hall, Assistant*, for appellant.

*Joseph H. Gordon* and *Gordon, Thomas, Honeywell, Malanca, Peterson & Daheim*, for respondent.

BRIDGEWATER, J. — We are asked to decide whether the superior court had the authority to vacate a Department

of Labor and Industries' 1983 final order denying a widow's application for survivor benefits, when the widow reapplies in 1991 with new expert testimony tending to show industrial injuries rather than a heart attack caused her husband's 1983 death. We hold that the 1991 application was barred by res judicata, and the superior court was without authority to vacate the 1983 judgment under CR 60(b) or as an independent equitable action under CR 60(c).

In August 1983, Willard Kingery was found dead under the wheel of the road grader he had been operating. Although he had injuries to the face, neck and chest, the doctor who performed an autopsy the next day concluded that Kingery died of a heart attack and that his injuries occurred after death. His certificate of death stated that the cause of death was "[c]ardiac [a]rrest."

Mrs. Kingery applied for surviving spouse benefits with the Department. While her 1983 claim was pending before the Department, she maintains she "made repeated requests for a copy of the autopsy report" including at least one in writing, but the requests were denied because she was told the report was "too gory" and she would not understand it. On September 23, 1983, the Department denied her application because it concluded, based on medical opinion, that her husband died of natural causes. On October 20, 1983, the Department reaffirmed its denial of Mrs. Kingery's application following her protest and request for reconsideration. Mrs. Kingery did not appeal the Department's order denying her application.

Mrs. Kingery is unaware whether the original law firm that represented her had seen the actual autopsy report. During the next seven years, she attempted to obtain legal representation to help her pursue her claim and obtain the autopsy report, but no one would help her. It was not until March 1991 that she obtained a copy of the coroner's

autopsy report, following the purported intervention of a state representative.

Two doctors then inspected the autopsy report, whose author was deceased. In August 1991, both doctors concluded that although Kingery was probably suffering a heart attack at the time of his death, his injuries — not the heart attack — were probably the actual cause of death. At the coroner's request, the Department of Health later issued a corrected certificate of death stating that the injuries caused Kingery's death.

On November 4, 1991, approximately eight years after her original claim for benefits was denied, Mrs. Kingery filed a new claim for survivor benefits. The claim stated that Kingery's death was an industrial injury based on the "ATTACHED REPORTS BY PATHOLOGISTS [AND] CORONER." The Department determined that her "protest was not received within the statutory time limitations," and concluded it was without jurisdiction to consider the claim because the unappealed 1983 order was final and binding. The Board of Industrial Appeals (Board) affirmed, and in 1993 the Department order became final.

Mrs. Kingery then appealed the 1993 final order to superior court. Rather than ask the superior court to review the Board's decision for errors of law or abuses of discretion, Mrs. Kingery asked the superior court to independently and equitably decide whether her 1991 application should be accepted. In her motion for summary judgment, Mrs. Kingery asserted the superior court had the authority, under CR 60, to vacate the Department's 1983 order and direct the Department to consider her 1991 application for benefits. The superior court vacated the order and remanded the matter to the Department with instructions to reconsider the 1991 application on its merits. The Department appeals.

■ Upon appeal° to superior court, where no facts are in dispute and the only issue is a question of law, the standard of review is de novo.[1] The statute governing review requires the superior court to determine whether "the board has acted within its power and has correctly construed the law."[2] Court of Appeals review is governed by RCW 51.52.140, which provides that "the practice in civil cases shall apply to appeals prescribed in this chapter. Appeal shall lie from the judgment of the superior court as in other civil cases."

## A

■ The Department initially and correctly argues that Mrs. Kingery is barred by res judicata from relitigating whether a heart attack or an industrial injury caused her husband's death. RCW 51.52.060 requires that a beneficiary aggrieved by a Department order "must, before he or she appeals to the courts, file . . . within sixty days from the day on which a copy of the order . . . was communicated to such person, a notice of appeal to the board." Failure to appeal an adverse ruling at any level transforms the ruling into a final order.[3] "An unappealed final order from the Department precludes the parties from rearguing the same claim."[4] Because Mrs. Kingery failed to appeal to the Board the Department's 1983 ruling, the 1983 ruling was transformed into a final order, precluding either the Department or Mrs. Kingery from relitigating the cause of her husband's death. The

---

[1]*Shum v. Department of Labor & Indus.*, 63 Wn. App. 405, 407, 819 P.2d 399 (1991); RCW 51.52.115.

[2]RCW 51.52.115.

[3]*Marley v. Department of Labor & Indus.*, 125 Wn.2d 533, 537 n.2, 886 P.2d 189 (1994).

[4]*Marley*, 125 Wn.2d at 538. *See also LeBire v. Department of Labor & Indus.*, 14 Wn.2d 407, 415, 128 P.2d 308 (1942) (res judicata unless set aside on appeal or vacated for fraud or something of like nature).

Board correctly affirmed the Department's order denying Mrs. Kingery's 1991 claim on the basis of res judicata.

## B

■ Once a judgment is final, a court may reopen it only when specifically authorized by statute or court rule.[5] CR 60 sets forth the general conditions under which a party may seek relief from judgment.[6]

■ Mrs. Kingery contends that a superior court may vacate her unappealed final order from the Department pursuant to CR 60(b). Mrs. Kingery is incorrect. The superior court in its appellate capacity pursuant to RCW 51.52.115[7]

---

[5]*In re Shoemaker*, 128 Wn.2d 116, 120, 904 P.2d 1150 (1995) (citing *Lejeune v. Clallam County*, 64 Wn. App. 257, 269, 823 P.2d 1144, *review denied*, 119 Wn.2d 1005 (1992)).

[6]CR 60 says in pertinent part:

**(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; etc.** On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

. . . .

(3) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under rule 59(b);

. . . .

(11) Any other reason justifying relief from the operation of the judgment.

The motion shall be made within a reasonable time and for reasons (1), (2) or (3) not more than 1 year after the judgment, order, or proceeding was entered or taken. . . .

**(c) Other Remedies.** This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding.

[7]RCW 51.52.115 states in pertinent part:

Upon appeals to the superior court only such issues of law or fact may be raised as were properly included in the notice of appeal to the board, or in the complete record of the proceedings before the board. The hearing in the superior court shall be de novo, but the court shall not receive evidence or testimony other than, or in addition to, that offered before the board or included in the record filed by the board in the superior court . . . .

is without authority to vacate a valid Department order based upon newly discovered evidence.[8]

## C

■ Mrs. Kingery argues that the superior court has the authority, independent of its appellate jurisdiction and pursuant to CR 60(c), to vacate the 1983 order. "Subdivision (c) of [CR 60] preserves the independent equitable action as a device for attacking judgments."[9] We conclude the superior court is without authority to entertain an independent equitable action arising out of an industrial insurance claim.

■ The Legislature has "withdrawn" all phases of worker injury claims from private controversy, "to the exclusion of every other remedy, proceeding, or compensation," abolishing "all jurisdiction of the courts of the state over such causes" except as provided in the Industrial Insurance Act (the Act).[10] The Act provides that the superior court's jurisdiction is appellate.[11] The superior court may only confirm, reverse, or modify a decision of the Board.[12] CR 60(c) conflicts with RCW 51.04.010 because it allows a claimant to bring an independent equitable action in superior court — an other proceeding — when the Act has specifically excluded every other proceeding. Equitable principles cannot be asserted to establish equitable relief in derogation of statutory mandates.[13] Because a superior court is without authority to entertain an independent equitable ac-

---

[8]*Gross v. Department of Labor & Indus.*, 177 Wash. 675, 678-81, 33 P.2d 376 (1934); *see also LaLone v. Department of Labor & Indus.*, 3 Wn.2d 191, 195, 100 P.2d 26 (1940).

[9]4 Lewis H. Orland and Karl B. Tegland, Wash. Prac., *Relief from Judgment or Order*, Rule 60, at 723 (3d ed. 1989).

[10]RCW 51.04.010.

[11]*LeBire*, 14 Wn.2d at 415; RCW 51.52.115.

[12]RCW 51.52.115.

[13]*Rhoad v. McLean Trucking Co.*, 102 Wn.2d 422, 426, 686 P.2d 483 (1984) (citing *Department of Labor & Indus. v. Dillon*, 28 Wn. App. 853, 626 P.2d 1004 (1981)).

tion arising out of an industrial insurance claim, the superior court acted without authority when it vacated the Department's 1983 valid final order based on newly discovered evidence.

We reverse the judgment and order of the superior court. The Board's order dated February 1, 1993 is affirmed.

SEINFELD, C.J., and MORGAN, J., concur.

Reconsideration denied March 25, 1996.

Review granted at 129 Wn.2d 1026 (1996).