[No. 24226-5-II. Division Two. January 5, 2001.]

ARNE ROSE, *Individually and as Personal Representative, Respondent,* v. ANTHONY FRITZ, ET AL., *Petitioners.*

---

*William L. Holder* and *Pamela A. Okano* (of *Reed McClure*), for petitioners.

*Michael S. Cullen* for respondent.

MORGAN, J. — The defendants appeal an order setting aside a written summary judgment of dismissal without prejudice. We reverse the order and reinstate the judgment.

From September 25, 1995 to October 4, 1995, Patricia

Rose received medical care from Anthony Fritz, M.D., and Helmuth F. Fritz, M.D. On October 6, 1995, she died. She is survived by her husband, Arne Rose.

On August 8, 1996, Rose sued the doctors for negligence. He alleged that he was "the personal representative of the Estate of Patricia Rose."[1] In fact, however, he had never submitted his wife's will for probate or had himself appointed as personal representative. Thus, he was not then entitled to bring the action.[2]

On October 3, 1997, the court clerk mailed a "clerk's notice for dismissal for want of prosecution."[3] The notice claimed that "no action of record has been taken on this case in the past twelve months."[4] At Rose's request, the trial court postponed dismissal.

A year later, in early October 1998, the defendants learned that Rose was not the personal representative of his wife's estate. On October 9, 1998, they filed a motion for summary judgment on that ground. On the same date, they gave notice that their motion would be heard five weeks hence, on November 13, 1998.

Even after the defendants made and served their motion, Rose did not submit his wife's will for probate. Nor did he obtain an order naming himself as personal representative.

At the hearing on November 13, Rose acknowledged that he was not the personal representative of his wife's estate. After correctly ruling that he was not then entitled to maintain the action, the trial court signed and filed a written order of dismissal. The order stated "that defendants' motion is granted and plaintiff's claims against the

---

[1] Clerk's Papers at 100.

[2] RCW 4.20.010; *Beal v. City of Seattle*, 134 Wn.2d 769, 776, 954 P.2d 237 (1998) (wrongful death action must be brought by the personal representative of decedent's estate, as opposed to decedent's children or other survivors).

[3] Clerk's Papers at 98.

[4] *Id.*

defendants are dismissed without prejudice and without costs."[5]

On November 20, 1998, Rose finally submitted his wife's will for probate and obtained an order making him personal representative of her estate. The same day, he filed a motion in the wrongful death action to amend his complaint[6] and set aside the written judgment of dismissal. The motion cited and relied on CR 59(a)(3), CR 60(b)(1), and CR 60-(b)(11).[7]

On December 4, 1998, the trial court set aside the judgment and reinstated the action. At the same time, however, it concluded that Rose had not satisfied CR 59 or CR 60. It stated: "I specifically do not find that there was excusable neglect here. As a matter of fact, as far as I'm concerned, there was not excusable neglect here."[8]

The defendants asked the trial court to certify the case for interlocutory review, the trial court agreed to do that, and this court accepted the certification.

■ The parties agree, as we do also, that the plaintiff in a wrongful death action must be the personal representative of the decedent's estate.[9] The parties agree, as we do also, that the plaintiff in a wrongful death action may tardily obtain an order making himself or herself the personal representative, even though the statute of limitations has run, so long as a final judgment has not yet been entered and the defendant is not prejudiced on the merits.[10]

---

[5] Clerk's Papers at 72.

[6] The original complaint alleged that Rose had been appointed as personal representative by the King County Superior Court. The proposed amendment alleged that Rose had been appointed as personal representative by the Lewis County Superior Court.

[7] Clerk's Papers at 66-71.

[8] Report of Proceedings (Dec. 4, 1998) at 9.

[9] RCW 4.20.010; *Beal*, 134 Wn.2d at 776 (under RCW 4.20.010, wrongful death action must be brought by the personal representative of decedent's estate, as opposed to decedent's children or other survivors).

[10] *See generally* CR 15(c); CR 17(a); *Beal*, 134 Wn.2d 769.

The only question here is whether the plaintiff in a wrongful death action may tardily obtain an order making himself or herself the personal representative *after* a final judgment has been entered.

We address this question by analyzing what constitutes a final judgment, and by identifying what a party must do to set such a judgment aside. Then, we apply our analysis to this case.

■■ A final judgment is an order that "adjudicat[es] all the claims, counts, rights, and liabilities of all the parties."[11] It must be "in writing and signed by the judge and filed forthwith."[12] It can be an order granting summary judgment if it meets these requirements.[13]

Once a judgment is final, a court may reopen it only if authorized by statute or court rule.[14] For purposes of most cases, including this one, CR 59 and CR 60 set forth the conditions under which a party may seek relief from judgment.[15]

---

[11] *Fox v. Sunmaster Prods., Inc.*, 115 Wn.2d 498, 503, 798 P.2d 808 (1990); *see also* CR 54(a) (final judgment is a "final determination of the rights of the parties in the action"); *Anderson & Middleton Lumber Co. v. Quinault Indian Nation*, 79 Wn. App. 221, 225, 901 P.2d 1060 (1995) (final judgment is "a judgment that ends the litigation"), *aff'd*, 130 Wn.2d 862 (1996); *In re Marriage of Greenlaw*, 67 Wn. App. 755, 759, 840 P.2d 223 (1992) (quoting *Catlin v. United States*, 324 U.S. 229, 233, 65 S. Ct. 631, 89 L. Ed. 911 (1945)), *rev'd on other grounds*, 123 Wn.2d 593, *cert. denied*, 513 U.S. 935 (1994); *Rhodes v. D&D Enters., Inc.*, 16 Wn. App. 175, 178, 554 P.2d 390 (1976) (final judgment settles all issues in a case); *Pekin Ins. Co. v. Benson*, 306 Ill. App. 3d 367, 375, 714 N.E.2d 559 ("A final judgment is one that fixes absolutely and finally the rights of the parties in the lawsuit on all issues of litigation and disposes of the entire controversy"), *review denied*, 720 N.E.2d 1095 (1999).

[12] CR 54(a)(1).

[13] *Lee v. Ferryman*, 88 Wn. App. 613, 622, 945 P.2d 1159 (1997), *review denied*, 135 Wn.2d 1006 (1998).

[14] *In re Marriage of Shoemaker*, 128 Wn.2d 116, 120, 904 P.2d 1150 (1995) (citing *Lejeune v. Clallam County*, 64 Wn. App. 257, 269, 823 P.2d 1144, *review denied*, 119 Wn.2d 1005 (1992)).

[15] *Kingery v. Dep't of Labor & Indus.*, 80 Wn. App. 704, 709, 910 P.2d 1325 (1996) ("CR 60 sets forth the general conditions under which a party may seek relief from judgment"), *aff'd*, 132 Wn.2d 162 (1997); *see also Shoemaker*, 128 Wn.2d at 120 (citing *Lejeune*, 64 Wn. App. at 269).

In our view, these principles apply even when a final judgment is without prejudice.[16] A judgment without prejudice is the same as a judgment with prejudice in the sense that it entirely disposes of the present action. A final judgment without prejudice is different from a final judgment with prejudice only in the sense that it does not preclude a subsequent action based on the same claims. The former attribute is the one pertinent here.

The judgment entered in this case was in writing. It was signed by the judge and filed with the clerk on November 13, 1998. It disposed of all claims and all parties, albeit "without prejudice." Accordingly, it was final for purposes of the present action.

Once a final judgment was entered, Rose could have it set aside only if he complied with CR 59 or CR 60.[17] The trial court found he had not done that when it announced that it "specifically [did] not find that there was excusable neglect here."[18] It did not find, and we do not perceive, any other fact that would support a set-aside under CR 59 or CR 60. Rose did not satisfy either rule, and the trial court erred by setting aside the final judgment.

Before closing, we observe that the trial court was not required to enter a final judgment on November 13, 1998. It had discretion to delay such entry to a later date, thus giving Rose even more time to have himself appointed as personal representative. When it chose to enter a final judgment, however, it cast upon Rose the burden of satisfying CR 59 or CR 60.

In conclusion, we hold that the trial court lacked discretion to set aside its final judgment on the showing made

[16] Moreover, Rose does not argue that a judgment without prejudice affects the present action differently from a judgment with prejudice, where each judgment terminates the present action.

[17] We limit this statement to CR 59 and CR 60 only because they are the only remedies pertinent here. We have not considered whether other remedies might be available in a different case.

[18] Report of Proceedings (Dec. 4, 1998) at 9.

122

here. Thus, we reverse with directions to reinstate the judgment of dismissal.

HOUGHTON, J., and WANG, J. Pro Tem., concur.