# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| GREGORY H. KIRSCH, | ) | No. 73108-4-I |
| | ) | |
| Appellant, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| CRANBERRY FINANCIAL, LLC, | ) | UNPUBLISHED |
| | ) | |
| Respondent. | ) | FILED: April 25, 2016 |
| | ) | |

2016 APR 25 AM 8: 37
COURT OF APPEALS DIV I
STATE OF WASHINGTON
FILED

Cox, J. – Gregory Kirsch appeals the order denying leave to amend his complaint a third time. The trial court had previously entered an order quieting title in Kirsch. This order was a final judgment on the only claims stated in his second amended complaint. Because the final judgment concluded the case, the court did not abuse its discretion in denying the motion to amend. We affirm.

In 1998, Gregory Kirsch executed a personal guaranty that was secured by a deed of trust encumbering his home on behalf of a business to obtain a loan. The business defaulted on the loan, and Cranberry Financial's predecessor sued the business and Kirsch. That suit was later dismissed. The deed of trust was assigned to Cranberry Financial LLC.

Kirsch's marriage was dissolved in 2011 and, as part of the dissolution, Kirsch sought to remove the lien of the deed of trust from the home. In 2012, Kirsch commenced an action to quiet title and for declaratory relief, costs, and attorney fees. He later amended the complaint, naming Cranberry Financial as

defendant in the second amended complaint. Cranberry Financial answered the second amended complaint and included a counterclaim.

Later in 2012, Kirsch obtained an order partially granting summary judgment estopping Cranberry Financial from enforcing the deed of trust due to the statute of limitations. In 2013, Cranberry Financial obtained summary judgment against Kirsch on its counterclaim.

Kirsch appealed. In an unpublished opinion, this court reversed the summary judgment on the counterclaim and remanded the case with instructions to vacate the judgment and reinstate Kirsch's quiet title action.[1] This court also granted Kirsch attorney fees on appeal.[2]

In 2014, Kirsch moved for summary judgment based on this court's decision, seeking an order quieting title, attorney fees, and costs. The trial court entered an order quieting title in Kirsch. Thereafter, Cranberry Financial satisfied the judgment for attorney fees and costs.

Nearly six months after obtaining the order quieting title, Kirsch again moved to amend his complaint. The trial court denied Kirsch's motion.

Kirsch appeals.

## MOTION TO AMEND COMPLAINT

Kirsch argues that the trial court abused its discretion by denying his motion to amend his complaint to add new claims for damages. We disagree.

---

[1] Kirsch v. Cranberry Fin., LLC, noted at 178 Wn. App. 1031, 2013 WL 6835195, at *1.

[2] Id. at *7.

2

CR 15(a) governs amendments to pleadings. This rule provides parties with adequate notice of the basis for claims asserted against them, facilitates proper decisions on the merits, and allows amendment except where it would result in prejudice to the opposing party.[3]

We review for abuse of discretion the denial of a motion to amend.[4]

When a motion to amend is made after the granting of summary judgment, "'the normal course of proceedings is disrupted.'"[5] Washington courts have denied leave to amend complaints after judgment has been entered.[6]

*Final Judgment*

Kirsch argues that the summary judgment order does not prevent the amendment of his complaint. We disagree.

A judgment "is the *final* determination of the rights of the parties in the action" and "'adjudicat[es] all the claims, counts, rights, and liabilities of all the

---

[3] Wilson v. Horsley, 137 Wn.2d 500, 505, 974 P.2d 316 (1999).

[4] See Cambridge Townhomes, LLC v. Pac. Star Roofing, Inc., 166 Wn.2d 475, 483, 209 P.3d 863 (2009).

[5] Ensley v. Mollmann, 155 Wn. App. 744, 759, 230 P.3d 599 (2010) (quoting Doyle v. Planned Parenthood of Seattle–King County, Inc., 31 Wn. App. 126, 130-31, 639 P.2d 240 (1982)).

[6] See, e.g., Estate of Becker v. Forward Tech. Indus., Inc., 192 Wn. App. 65, 83, 365 P.3d 1273 (2015); Ensley, 155 Wn. App. at 759; Haselwood v. Bremerton Ice Arena, Inc., 137 Wn. App. 872, 890, 155 P.3d 952 (2007), aff'd sub nom., Estate of Haselwood v. Bremerton Ice Arena, Inc., 166 Wn.2d 489, 210 P.3d 308 (2009); Oliver v. Flow Int'l Corp., 137 Wn. App. 655, 664-65, 155 P.3d 140 (2006); Doyle, 31 Wn. App. at 132; Brice v. Starr, 90 Wash. 369, 370-71, 156 P. 12 (1916).

parties.'"[7] It "'need not be in any particular form,'" does not require "any particular technical phraseology," and "leav[es] nothing for the court to do but to execute the judgment."[8] Further, "[w]hether an order constitutes a judgment is determined by whether it finally disposes of a case and was intended to do so."[9]

Here, Kirsch moved to amend his complaint, six months after obtaining the order quieting title in him. Kirsch sought over $73,000 in damages and included five new causes of action: failure to reconvey the deed of trust, slander of title, a Consumer Protection Act violation, breach of contract, and lack of good faith.

In the CR 15 motion, Kirsch argued that he could not have previously included damages because they "remained ongoing" during litigation and that an amendment would "allow the case to proceed to conclusion."

At the hearing on Kirsch's motion, he acknowledged that his "original complaint did not specify [the damages issue] well enough." In fact, a fair reading of the complaint shows no damages were requested in that complaint. Remarkably, Kirsch also argued that the trial court's ruling was not final because it did not explicitly use the word "final" or dismiss the case.

---

[7] CR 54 (emphasis added); Rose ex rel. Estate of Rose v. Fritz, 104 Wn. App. 116, 120, 15 P.3d 1062 (2001) (alteration in original) (quoting Fox v. Sunmaster Prods., Inc., 115 Wn.2d 498, 503, 798 P.2d 808 (1990)).

[8] Bank of Am., N.A. v. Owens, 173 Wn.2d 40, 51, 266 P.3d 211 (2011) (quoting State ex rel. Lynch v. Pettijohn, 34 Wn.2d 437, 446, 209 P.2d 320 (1949)); Pettijohn, 34 Wn.2d at 446; Gronquist v. State, 177 Wn. App. 389, 397, 313 P.3d 416 (2013).

[9] Owens, 173 Wn.2d at 51.

Conversely, Cranberry Financial argued that the case was over in May 2014 and that Kirsch was the prevailing party, obtaining the only relief he pled in the prior complaints.

The trial court reviewed the order at issue, focusing on "significant" language. The order granted judgment to Kirsch and dismissed Cranberry Financial's counterclaims with prejudice. The trial court then stated that it did not "know what is left in that case once that is done, because . . . the cause of action was quiet title [and] declaratory relief . . . ."[10]

The court also stated that the judgment was final, that Kirsch could have added the other claims in the second amended complaint, and that the claims were "foreclosed."[11] The court further stated that this case was not "really a matter of amending the complaint. It's a matter of whether or not there's a complaint still alive to amend."[12] Thus, the court denied Kirsch's motion, stating that the judgment was final and that "this cause of action was resolved as to all claims in the second amended complaint."[13] The trial court was correct.

In this case, the order quieting title to Kirsch was a final judgment on the quiet title claim stated in his second amended complaint. The order determined, and was intended to determine, Kirsch's rights by quieting title in him against

---

[10] Report of Proceedings (January 16, 2015) at 19.

[11] Id. at 19-20.

[12] Id. at 20.

[13] Id. at 20-21.

Cranberry Financial's claims and extinguishing the lien of the deed of trust against the property.

Kirsch also received a judgment for attorney fees and costs, and Cranberry Financial satisfied that judgment. Thus, Kirsch could not amend his complaint then because there was "nothing for the court to do but to execute the judgment."[14] Accordingly, the court did not abuse its discretion in denying Kirsch's motion.

Kirsch argues that summary judgment does not prevent the amendment of a complaint. He specifically argues that the order did not state it was a "final judgment" and did not dismiss the case.

But summary judgment in an action without multiple parties or multiple claims is a final appealable judgment.[15] And judgments do not require "any particular technical phraseology."[16] Thus, this argument is unpersuasive.

## ATTORNEY FEES

Both parties seek attorney fees on appeal. Neither side is entitled to an award.

In Washington, parties may recover attorney fees if a statute, contract, or recognized ground of equity authorizes the award.[17] "Whether a particular

---

[14] Gronquist, 177 Wn. App. at 397.

[15] Seattle-First Nat'l Bank v. Marshall, 16 Wn. App. 503, 507, 557 P.2d 352 (1976).

[16] Pettijohn, 34 Wn.2d at 446.

[17] Durland v. San Juan County, 182 Wn.2d 55, 76, 340 P.3d 191 (2014).

contractual provision authorizes an award of attorney fees as costs is a legal question."[18]

Here, both parties cite the promissory note as a basis for attorney fees. Kirsch also cites the deed of trust. But the record on appeal does not contain the deed of trust containing the attorney fee provision. Thus, we do not consider further that basis.

As for the terms of the promissory note, it states "that the debtor (here, Channel/Kirsch) shall pay the note holder's (here, Cranberry's) expenses of any nature, including reasonable attorney fees and costs, *incurred to enforce the note's provisions*."[19] Cranberry Financial is not enforcing the note in this appeal. Thus, there is no basis for an award of attorney fees to it.

Finally, Kirsch has not prevailed in any action on the note. Thus, he is not entitled to fees either.

We affirm the order denying Kirsch leave to amend the complaint and deny both requests for an award of fees.

_Cox, J._

WE CONCUR:

---

[18] Saunders v. Meyers, 175 Wn. App. 427, 445, 306 P.3d 978 (2013).

[19] Kirsch, 2013 WL 6835195, at *7 n.17 (emphasis added).