# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| TED SPICE, | No. 48458-7-II |
| Appellant, | |
| v. | UNPUBLISHED OPINION |
| ESTATE OF DORIS MATHEWS, | |
| Respondent. | |

BJORGEN, C.J. — In 2004 Ted Spice and Doris Mathews formed a real estate development company, Plexus Investments LLC, and Mathews quitclaimed several parcels of property to the LLC and Spice. After Mathews' death in 2009, Spice filed two creditor's claims against the Estate of Doris Mathews (Estate), one of which ripened into a lawsuit by Spice which the trial court decided in the Estate's favor on summary judgment.

Spice appeals, arguing that the trial court erred by granting the Estate summary judgment dismissing his claims for (1) contribution for property taxes paid on co-owned property and (2) breach of fiduciary duty arising from the Estate's (a) misappropriation of funds, (b) failure to contribute to the LLC, and (c) waste. He also argues that the trial court erred by denying his motions for a continuance and for reconsideration and by awarding attorney fees to the Estate. Both Spice and the Estate request attorney fees on appeal.

We hold that Spice's appeal is timely and that the record on summary judgment shows no genuine dispute of material fact as to Spice's claims for (1) contribution for paid property taxes, (2) misappropriation of funds, and (3) failure to contribute to the LLC, but that a genuine issue of material fact exists as to (4) whether the Estate breached its quasi-fiduciary duty to Spice by

allowing waste to occur at co-owned properties. We also hold that the trial court did not err by denying Spice's motions for a continuance and for reconsideration. Consequently, we reverse the grant of summary judgment on the issue of breach of fiduciary duty by allowing waste, and we reverse the trial court's award of attorney fees to the Estate. We affirm the remainder of the trial court's summary judgment order and remand for additional proceedings. Finally, we decline to award attorney fees on appeal to either party

FACTS

Mathews died on December 8, 2009. Prior to her death, Mathews and Spice created Plexus Investments LLC (LLC), a real estate development company, and were its only members, with Spice holding a 51 percent interest and Mathews holding a 49 percent interest.

On January 8, 2010, Donna E. DuBois was appointed as personal representative of Mathews' estate. On April 26, Spice filed a creditor's claim against the Estate for $8,000,000 based on a promissory note executed between himself and Mathews. The Estate rejected Spice's creditor's claim on July 7, and on August 2 Spice filed a lawsuit against the Estate to enforce the promissory note and creditor's claim under a breach of contract theory.

On July 28, 2011, Spice filed his first amended complaint, alleging that the Estate was liable for breach of contract, conversion, tortious interference with a business expectancy, breach of fiduciary duty, and frivolous litigation. The dispute proceeded to trial and, on September 17, 2012, the jury apportioned ownership interest in several disputed properties that were the subject of the litigation between Spice and the Estate. For the parcels relevant to this appeal and discussed in this opinion, Spice was awarded a 25 percent interest and the Estate a 75 percent interest, except for the parcel located at 11305 58th Street Court East, which was awarded

wholly to the Estate.[1]  On appeal, we affirmed the trial court, holding that neither party was substantially prevailing for purposes of attorney fees and that Spice did not preserve his remaining claims on appeal.  *Spice v. DuBois*, 192 Wn. App. 1054, 4, 6-7 (2016) (unpublished).

On December 21, 2012, the trial court granted Spice's motion for an order appointing a property manager for the parcels at 11305 58th Street Court East, 11003 58th Street Court East, number 1, 2, and 3 triplexes, 11004 58th Street Court East, 11007 58th Street Court East, 11011 58th Street Court East, and three trailers identified as 11010A, 11010B, and 11010C.  The court ordered the Estate to hire a property management company on or before January 1, 2013 and that the cost of the property management "shall be split 75 [percent]—25 [percent] pursuant to ownership until further order of the court."  Clerk's Papers (CP) at 67.  Then, on March 29, 2013 the trial court issued an order restraining Spice from involvement in any property management duties for any of the properties that were subject to the court's December 21, 2012 order.  The trial court noted in its March 29, 2013 order that the properties were then being managed by SJC Management Group.

On April 16, 2013, Spice filed another creditor's claim against the Estate seeking $2,000,000 based on work he did managing and developing property for Mathews between 2003 and 2012.  Spice also asserted claims on behalf of several other individuals who had assigned their claims to Spice, which totaled $337,000.  The Estate rejected all of Spice's claims.

---

[1] The record suggests that Spice subsequently gained a 33 percent interest in this property.  This, however, plays no role in the analysis of the present appeal.

On June 5, 2013 Spice and another claimant, Jeffrey Payne, each filed a lawsuit to pursue their claims against the Estate. Spice's lawsuit sought damages based upon alleged oral contracts between Spice and Mathews.

At some point during 2013 or 2014, a pipe burst in one of the three triplex units at 11003 58th Street Court East. Spice amended his complaint on December 16, 2014 to add the following claims: (1) contribution for property taxes paid on co-owned property, (2) breach of fiduciary duty by the Estate for failing to make contributions to the LLC so that the LLC could pay off debts to Spice, (3) breach of fiduciary duty by misappropriating funds from co-owned properties, and (4) breach of fiduciary duty by committing waste with regard to co-owned properties.[2] On April 6, 2015, the trial court issued an order consolidating Spice's and Payne's cases.

On September 17, 2015, the Estate filed a motion for summary judgment requesting dismissal of all of Spice's and Payne's claims. In her declaration, DuBois stated that SJC had managed the 11003 property from January 1, 2013 until March 31, 2014 and that she only discovered the water damage on April 3, 2014, after inspecting the property. Spice opposed the motion and requested a continuance in order to conduct further discovery. The trial court denied the continuance.

At the summary judgment hearing, Spice offered the following evidence: (1) an e-mail regarding Spice's attorney nonsuiting two lawsuits in 2014, (2) an e-mail between SJC and Spice, (3) a loan default notice from Bank of America, (4) Elite Tax and Financial Services'

---

[2] Spice's amended complaint also included a claim for waste independent of the waste claim associated with the alleged breach of fiduciary duty. On appeal, Spice argues only that the Estate breached its fiduciary duty by committing waste.

4

accounting notes, (5) Spice's work history regarding work performed for Mathews, and (6) Payne's work history regarding work performed for Mathews.

On October 30, 2015 the superior court granted summary judgment in the Estate's favor and entered mixed findings of fact and conclusions of law. Although findings on summary judgment are superfluous and not proper, *Hemenway v. Miller*, 116 Wn.2d 725, 731, 807 P.2d 863 (1991), some of those entered reflect the court's legal reasoning and are set out as follows:

2. Spice has sought wages based on an oral contract he allegedly entered into with the deceased Doris Mathews. This claim is barred by either the three year statute of limitations regarding oral contracts and by the time limits contained in RCW 11.40.051, the largest of such time limit being two years from date of publication of a notice to creditors. This claim is dismissed.

3. Spice, as assignee of others, has also sought wages based upon an oral contract the others allegedly entered into with the deceased Doris Mathews. For the same reasons as identified in the preceding paragraph these claims are untimely. These claims are dismissed.

4. Spice claims contributions owed by the deceased Doris Mathews for her respective ownership in Plexus Investments LLC. Her membership terminated upon her death, and the Estate does not have any duty to contribute to that entity because their predecessor, Ms. Mathews, is no longer a member of it. This claim is dismissed.

5. Spice claims that the Estate has committed waste upon real property that the Estate and Spice jointly own. There is no evidence that the [E]state was involved in the management when that occurred. This claim is dismissed.

6. Spice claims that the [E]state has breached their fiduciary duty to Spice. No such duty is owed. This claim is dismissed.

7. Spice claims that the Estate has misappropriated funds that he is entitled to. There is no evidence presented that any misappropriation has occurred. This claim is dismissed.

8. Spice's motion for a continuance is denied.

CP at 338-39.

On November 9, the final day allowed, Spice filed a motion to reconsider the October 30 order granting summary judgment in the Estate's favor. Under Pierce County Superior Court's local rules (PCLR) 0.2(a)(2)(A), "[s]uperior [c]ourt's regular hours are 8:30 am to 4:30 pm." Pursuant to Washington state court rules, General Rule (GR) 30(c)(1), "[a]n electronic document is filed when it is received by the clerk's designated computer during the clerk's business hours; otherwise the document is considered filed at the beginning of the next business day." Spice's motion to reconsider was marked as filed on November 9, 2015 at 4:29 p.m. However, the supporting documents were submitted slightly after 4:30 p.m. on November 9. Consequently, the supporting documents were deemed to be filed on November 10 under GR 30(c)(1). The motion for reconsideration contained roughly 250 pages of supporting material, much of it filed for the first time with the motion.

On November 25 Spice filed a motion to supplement the record on reconsideration with the untimely supporting documentation associated with the November 9 motion for reconsideration and a declaration by Norma Woods of Elite Tax and Financial Services, an accountant hired by Spice. On December 21 the trial court denied Spice's motion for reconsideration and motion to supplement the record on reconsideration. In making its ruling, the trial court considered "documents filed with respect to the [m]otion for [s]ummary [j]udgment," but did not appear to consider any of the supporting documentation filed with respect to the motion for reconsideration. CP at 791.

After the trial court denied reconsideration, both parties filed motions for attorney fees under RCW 11.96A.150. The trial court awarded the Estate $30,000 in attorney fees and denied Spice's motion. The trial court reasoned that the Estate was entitled to attorney fees due to the

litigious actions of Spice and for having to expend resources to defend against Spice's claims, but the court offset part of the award to reflect that Spice prevailed on some motions.

Spice appeals the summary judgment ruling, the denial of reconsideration, and the award of attorney fees and costs in the Estate's favor.

ANALYSIS

I. STANDARDS FOR REVIEW OF SUMMARY JUDGMENT

We review a grant of summary judgment de novo, considering all the evidence and reasonable inferences from the evidence in the light most favorable to the nonmoving party. *Keck v. Collins*, 184 Wn.2d 358, 370, 357 P.3d 1080 (2015). Summary judgment is only appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Id*. A material fact is a fact that affects the outcome of the litigation. *Id*. at n.8.

II. TIMELINESS OF APPEAL

As a threshold matter, the Estate argues that Spice's appeal was untimely. Specifically, it argues that the 30-day period to file the appeal commenced when the summary judgment order was filed on October 30, 2015, not when the order denying reconsideration was filed on December 21. The Estate rests this argument on its claim that the reconsideration motion itself was not timely. We disagree.

CR 59(b) requires a party to submit a motion for reconsideration "not later than 10 days after the entry of the judgment, order, or other decision." Under RAP 5.2(e), if a party files a timely motion for reconsideration, a party may file an appeal within 30 days after entry of the

7

order on reconsideration. *Schaefco, Inc. v. Columbia River Gorge Comm'n*, 121 Wn.2d 366, 367-68, 849 P.2d 1225 (1993).

Although some of the supporting documents for the motion for reconsideration were marked as filed on November 10, 2015, the motion for reconsideration itself was marked as filed on November 9, 2015, within the 10-day limit set by CR 59(b). The Estate points out that the note for the motion docket was not marked as filed until November 10, but we have previously held that "'[f]ailure to note the motion at the time it is served and filed does not affect the extension of time for appeal under RAP 5.2(e).'" *Singleton v. Naegeli Reporting Corp.*, 142 Wn. App. 598, 603, 175 P.3d 594 (2008) (quoting *Buckner, Inc. v. Berkey Irrig. Supply*, 89 Wn. App. 906, 916, 951 P.2d 338 (1998)). Thus, the reconsideration motion was timely filed.

The trial court denied the motion for reconsideration on December 21, 2015. Spice filed his appeal on January 14, 2016, less than 30 days after the trial court denied his motion for reconsideration. Therefore, Spice's appeal is timely under RAP 5.2(e).

### III. SPICE'S MOTION TO SUPPLEMENT THE RECORD ON RECONSIDERATION AND ARGUMENT TO EXTEND *KECK V. COLLINS* TO RECONSIDERATION MOTIONS

Spice argues that we should extend the holding of *Keck v. Collins* to require a trial court to conduct a *Burnet* analysis on the record before excluding untimely evidence submitted in the context of a motion for reconsideration. Br. of Appellant at 47-50 (citing *Burnet v. Spokane Ambulance*, 131 Wn.2d 484, 933 P.2d 1036 (1997)). We address this aspect of reconsideration first, because it affects the scope of the record on which summary judgment is reviewed.

In *Burnet*, our Supreme Court set forth the requirements that must be met before a trial court can impose the sanction of excluding evidence for a discovery violation. *Id.* at 494. In *Keck*, the court extended the rule in *Burnet* to the exclusion of untimely filed evidence in the

context of a summary judgment motion. 184 Wn.2d at 368-69. The trial court excluded an untimely affidavit offered by the plaintiffs and denied a motion for a continuance to permit filing. *Id*. at 366.

We decline Spice's invitation to extend the holding of *Keck* to the exclusion of untimely evidence submitted as part of a motion for reconsideration. Although our Supreme Court has noted that the purpose of summary judgment is to determine whether a party can ultimately produce competent evidence at trial, in this case the trial court had already granted summary judgment before Spice attempted to supplement the record. *Keck*, 184 Wn.2d at 369. The trial court's grant of summary judgment was a final judgment under the circumstances of this case because it adjudicated all of the claims raised by Spice in his complaint, was in writing, signed by the judge, and filed. *Rose ex rel. Estate of Rose v. Fritz*, 104 Wn. App. 116, 120, 15 P.3d 1062 (2001). Once a judgment is final, a court "may reopen it only if authorized by statute or court rule," in this case, CR 59, which governs motions for reconsideration. *Rose*, 104 Wn. App. at 120. Therefore, because Spice's untimely filed material was not excluded as a discovery sanction and Spice's motion for reconsideration sought to alter a final judgment, we hold that the trial court's analysis is governed by CR 59. As such, the trial court was not required to perform a *Burnet* analysis before excluding Spice's untimely material submitted on reconsideration. Instead, we review the exclusion of that material for compliance with CR 59.

We review a trial court's denial of a motion for reconsideration under CR 59 and its decision to consider new or additional evidence presented with the motion for an abuse of discretion. *Martini v. Post*, 178 Wn. App. 153, 161, 313 P.3d 473 (2013). A trial court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds. *In re*

9

*Marriage of Fiorito*, 112 Wn. App. 657, 664, 50 P.3d 298 (2002). A court's decision is manifestly unreasonable if it is outside the range of acceptable choices, given the facts and the applicable legal standard. *Id*. A court's decision is based on untenable grounds if the factual findings are unsupported by the record. *Id*.

Under CR 59(a)(4), a party may seek reconsideration based on "[n]ewly discovered evidence . . . which the party could not with reasonable diligence have discovered and produced at the trial." Spice does not suggest any reason why he was not able to submit his untimely evidence prior to the trial court's summary judgment ruling or even at the same time as his timely motion for reconsideration. Additionally, Spice's attorney conceded at oral argument that the untimely evidence was not newly discovered under CR 59(a)(4). Wash. Court of Appeals, *Estate of Doris Mathews*, No. 48458-7-II, oral argument (Apr. 18, 2017), at 2 min., 25 seconds (on file with the court). Therefore, the trial court did not abuse its discretion by denying Spice's motion to supplement the record on reconsideration.

## IV. CLAIMS ON SUMMARY JUDGMENT

A.    Oral Contracts

In his briefing, Spice states that he "has not appealed the trial court's ruling regarding claims against [Doris Mathews] that occurred during her lifetime." Br. of Appellant at 24. Furthermore, at oral argument, Spice's attorney stated that Spice's claims for wages arising from the alleged oral contracts with Mathews was not being pursued on appeal. Wash. Court of Appeals, *Estate of Doris Mathews*, No. 48458-7-II, *oral argument* (Apr. 18, 2017), at 45 seconds (on file with the court). Therefore, we do not address the trial court's dismissal of Spice's oral contract claims.

B.     Property Taxes, Contribution to the LLC, Misappropriation of Funds

Because we uphold the trial court's denial of Spice's motion to supplement the record, the record on review of the trial court's grant of summary judgment consists of the record that was before the trial court when it granted summary judgment. Specifically, our record consists of: (1) an e-mail regarding Spice's attorney nonsuiting two lawsuits in 2014, (2) an e-mail between SJC and Spice, (3) a loan default notice from Bank of America, (4) Elite Tax and Financial Services' accounting notes, (5) Spice's work history regarding work performed for Mathews, and (6) Payne's work history regarding work performed for Mathews. Therefore, we consider these materials to determine whether any raise a genuine issue of material fact with regard to Spice's remaining claims on appeal and whether the Estate was entitled to judgment on them as a matter of law. CR 56.

The record shows that Spice has not demonstrated issues of material fact as to his claims for contribution for property taxes paid on co-owned properties or for breach of fiduciary duty regarding the misappropriation of funds or contribution to the LLC. In connection with his claim for contribution for property taxes, Spice alleges that he has acquired a lien on certain property because he has paid the property taxes. However, there is nothing in the record showing that he has complied with the statutory requirements for acquiring such a lien under former RCW 84.64.060 (2003). Furthermore, nothing in the record suggests that the Estate was a member of the LLC or otherwise had any duty to contribute to the LLC. Finally, although the record on summary judgment contains accountant's notes prepared for Spice, the record contains neither an attestation to the accuracy of those notes nor the supporting documents upon which those notes relied. Absent such an attestation or other means of verification, the accountant's notes do not

11

create a genuine issue of material fact as to misappropriation of funds. Therefore, we affirm the trial court's dismissal on summary judgment of Spice's claims for contribution for property taxes paid and for breach of fiduciary duty regarding misappropriation of funds and contribution to the LLC.[3]

C.      Waste

Spice argues that the trial court erred by dismissing his claims for waste against the Estate because he and the Estate were in a fiduciary relationship with respect to the management of the co-owned properties. We agree.

"Waste, as understood in the law of real property and as variously defined by [our Supreme Court] is an unreasonable or improper use, abuse, mismanagement, or omission of duty touching real estate by one rightfully in possession which results in its substantial injury." *Graffell v. Honeysuckle*, 30 Wn.2d 390, 398, 191 P.2d 858 (1948) (internal quotations marks omitted). Under RCW 64.12.020, tenants in common may be liable to each other for waste.[4]

In a fiduciary relationship, one party "'occupies such a relation to the other party as to justify the latter in expecting that his interests will be cared for.'" *Kitsap Bank v. Denley*, 177

---

[3] Although Spice raises an argument regarding a living trust associated with Mathews as part of his contribution argument, there is nothing in the record on appeal that pertains to the Mathews' living trust. Because we hold that Spice has not demonstrated an issue of material fact as to contribution to the LLC, we do not separately consider Spice's claims regarding the trust. Further, Spice argues that the trial court's grant of summary judgment on the contribution claim improperly binds the LLC to rulings from a proceeding to which it was not a party. We decline to speculate about the legal rights of the LLC in the absence of the LLC as a party in the present appeal.

[4] "If a . . . tenant . . . in common . . . of real property commit[s] waste thereon, any person injured thereby may maintain an action at law for damages therefor against such . . . tenant." RCW 64.12.020.

Wn. App. 559, 574, 312 P.3d 711 (2013) (quoting *Liebergesell v. Evans*, 93 Wn.2d 881, 889-90, 613 P.2d 1170 (1980)). Fiduciary relationships "include those historically regarded as fiduciary," *Goodyear Tire & Rubber Co. v. Whiteman Tire, Inc.*, 86 Wn. App. 732, 741, 935 P.2d 628 (1997), and may arise as a matter of law, such as in the relationship between attorney and client, doctor and patient, or trustee and beneficiary. *Kitsap Bank*, 177 Wn. App. at 574. However, a court may also determine that two parties are in a "quasi-fiduciary" relationship depending on the particular facts of a case. *Annechino v. Worthy*, 175 Wn.2d 630, 636, 290 P.3d 126 (2012). Various factors such as friendship between the parties, lack of expertise or knowledge on the part of one of the parties, the posturing of one of the parties as an advisor, or a party's knowledge of the other party's reliance on the first party's actions may lead a court to conclude that a quasi-fiduciary relationship exists. *Liebergesell*, 93 Wn.2d at 890-91, 894-95. These include circumstances involving a "'person whose relation with another is such that the latter justifiably expects his welfare to be cared for by the former.'" *Goodyear*, 86 Wn. App. at 741 (quoting *Liebergesell*, 93 Wn.2d at 890-91).

On December 21, 2012, the trial court granted Spice's motion for an order appointing a property manager to manage the disputed properties. Although Spice made the motion for the court to appoint a property manager, the court ordered that "[t]he personal representative [of the Estate] shall make best efforts to hire a property management company on or before January 1, 2013. Management fees shall be split 75 [percent]-25 [percent] pursuant to ownership until further order of the court." CP at 71. Then, on March 29, 2013, the trial court enjoined Spice from being involved in any of the property management duties on any of the properties that were co-owned by Spice and the Estate that were involved in the litigation. The trial court's orders

13

gave the Estate responsibility for selecting a property manager and precluded Spice from being involved in managing the co-owned properties, leaving Spice entirely reliant on the Estate's supervision of the properties. Accordingly, under the case law above we hold that the Estate and Spice were in a quasi-fiduciary relationship with regard to the avoidance of waste in the management of the co-owned properties.[5]

Although we hold that the Estate and Spice were in a quasi-fiduciary relationship after Spice was barred from the property, the record is insufficient to determine as a matter of law whether the Estate in fact breached its quasi-fiduciary duty to Spice. Considering the facts in the light most favorable to Spice as the nonmoving party for summary judgment in the trial court, there are genuine issues of material fact that preclude dismissal of Spice's waste claim. Therefore, we reverse the trial court's summary judgment dismissing Spice's claim for waste arising from the Estate's breach of a quasi-fiduciary duty and remand for further proceedings.[6]

## V. MOTION FOR RECONSIDERATION

Spice argues that the trial court erred by denying his motion for reconsideration. We decided above that the trial correctly denied Spice's motion to supplement the record on reconsideration. We now uphold the trial court's denial of his motion for reconsideration itself.

---

[5] Because we determine that a quasi-fiduciary relationship arose between Spice and the Estate regarding the co-owned property as a consequence of the various court orders, we do not reach the question of whether co-tenants are necessarily in a fiduciary relationship or otherwise owe each other fiduciary duties as a matter of law.

[6] Spice's brief also alleges that the Estate had a duty to maintain the rental properties under RCW 11.48.020, which requires a personal representative to keep real property in tenantable repair until the estate is settled or delivered to the proper heirs or devisees. Spice did not raise this theory before the trial court, and we generally do not review claims that are raised for the first time on appeal. RAP 2.5(a); *Wilcox v. Basehore*, 187 Wn.2d 772, 788, 389 P.3d 531 (2017). Therefore, we decline to address Spice's claim for waste under this theory.

We review a trial court's denial of a motion for reconsideration for an abuse of discretion. *Martini*, 178 Wn. App. at 161. A trial court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds. *In re Fiorito*, 112 Wn. App. at 664. A court's decision is manifestly unreasonable if it is outside the range of acceptable choices, given the facts and the applicable legal standard. *Id*. A court's decision is based on untenable grounds if the factual findings are unsupported by the record. *Id*.

Under CR 59(a)(4), a party may seek reconsideration based on "[n]ewly discovered evidence . . . which the party could not with reasonable diligence have discovered and produced at the trial." We held above that the untimely evidence Spice attempted to submit in support of reconsideration was not newly discovered under CR 59(a)(4). Therefore, the trial court did not abuse its discretion by declining to grant reconsideration on this ground.

At oral argument, Spice's attorney argued that the trial court should have granted reconsideration because substantial justice had not been done. Wash. Court of Appeals, *Estate of Doris Mathews*, No. 48458-7-II, *oral argument* (Apr. 18, 2017), at 2 min., 50 seconds (on file with the court). Under CR 59(a)(9), the trial court may grant reconsideration on the ground that "substantial justice has not been done." However, reconsideration on that ground is rarely applied individually given the alternative broad grounds for reconsideration under CR 59. *Lian v. Stalick*, 106 Wn. App. 811, 825, 25 P.3d 467 (2001). Further, any claimed injustice arising from the trial court's refusal to consider the untimely evidence is primarily attributable to Spice's failure to timely submit evidence that he already possessed. Based upon the record before us, the trial court did not abuse its discretion by declining to grant reconsideration on the grounds that substantial justice had not been done.

15

## VI. MOTION FOR CONTINUANCE

Spice also contends that the trial court improperly denied his motion to continue the motion for summary judgment. We disagree.

As part of his reply to the Estate's motion for summary judgment, Spice stated in support of his motion for a continuance:

> [F]urther information . . . must be obtained through a deposition of Jason Clifford [SJC property manager] and, most likely, Donna and Mark DuBois. There is both a factual dispute regarding [the waste claim] of Spice as well as good grounds to continue to allow additional discovery.

CP at 274 (footnote omitted).

We review a denial of a motion for continuance for an abuse of discretion. *Qwest Corp. v. City of Bellevue*, 161 Wn.2d 353, 358, 166 P.3d 667 (2007). Our Supreme Court has held that a trial court may deny a motion for continuance when:

> "(1) the requesting party does not have a good reason for the delay in obtaining the evidence, (2) the requesting party does not indicate what evidence would be established by further discovery, or (3) the new evidence would not raise a genuine issue of fact."

*Qwest*, 161 Wn.2d at 369 (quoting *Butler v. Joy*, 116 Wn. App. 291, 299, 65 P.3d 671 (2003)).

Spice contends on appeal that the trial court erred in denying his motion for a continuance because the one month between the filing of the summary judgment motion and its hearing did not afford the time needed to conduct additional investigation. In his reply to the Estate's motion for summary judgment, Spice requested a continuance in order to depose the SJC property manager and Dubois and her husband, but did not offer a reason for his delay, despite his protracted and ongoing litigation with the Estate. Therefore, because Spice did not

have a good reason for his delay in obtaining the evidence, the trial court did not abuse its discretion by denying Spice's motion for a continuance.

## VII. ATTORNEY FEES

A.  Attorney Fees at Trial

Spice argues that the trial court improperly awarded attorney fees to the Estate. Given our reversal of the summary judgment on the waste claim, we agree.

The trial court awarded the Estate $30,000 in attorney fees under RCW 11.96A.150. That statute provides:

> (1) Either the superior court or any court on an appeal may, in its discretion, order costs, including reasonable attorneys' fees, to be awarded to any party: (a) From any party to the proceedings; (b) from the assets of the estate or trust involved in the proceedings; or (c) from any nonprobate asset that is the subject of the proceedings. The court may order the costs, including reasonable attorneys' fees, to be paid in such amount and in such manner as the court determines to be equitable. In exercising its discretion under this section, the court may consider any and all factors that it deems to be relevant and appropriate, which factors may but need not include whether the litigation benefits the estate or trust involved.

RCW 11.96A.150.

The trial court based its award on the fact that all of Spice's claims were dismissed on summary judgment, but it also reduced attorney fees to account for the fact that Spice had prevailed on some of his motions. We review an award of attorney fees under this statute for an abuse of discretion. *In re Estate of Mower*, 193 Wn. App. 706, 727, 374 P.3d 180, *review denied*, 186 Wn.2d 1031 (2016).

Our decision reverses the grant of summary judgment in the Estate's favor on the issue of waste, one of Spice's main claims. With that, the trial court's basis for its award, that all of

Spice's claims were dismissed on summary judgment, is removed. Therefore, the award must be reversed.

B. Attorney Fees on Appeal

1. Spice

For the first time in his reply brief, Spice argues that we should award him attorney fees on appeal under RCW 11.96A.150. Under RAP 18.1(b), a party seeking attorney fees "must devote a section of its opening brief to the request for the fees or expenses." Because Spice did not request fees in his opening brief, he is not entitled to an award of attorney fees on appeal.

2. Estate

The Estate also requests attorney fees on appeal under RCW 11.96A.150, which gives an appellate court broad discretion to consider any factors that it deems relevant to determining an equitable award and amount and is not conditioned upon a party substantially prevailing in litigation. Because this appeal involved a number of complex issues and we reverse summary judgment on the issue of waste, we decline to award the Estate attorney fees on appeal.

CONCLUSION

We reverse the grant of summary judgment on the issue of breach of fiduciary duty by allowing waste, and we reverse the award of attorney fees to the Estate. We affirm the remainder of the trial court's summary judgment order and remand for additional proceedings. We decline to award attorney fees on this appeal.

A majority of the panel having determined that this opinion will not be printed in the

No.  48458-7-II

Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040,

it is so ordered.

Bjorgen, C.J.

We concur:

Worswick, J.

Lee, J.