IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| JOEL CHRISTOPHER HOLMES, | No. 79285-7-I |
| Appellant, | DIVISION ONE |
| v. | |
| CITY OF SEATTLE HUMAN RIGHTS COMMISSION, | UNPUBLISHED OPINION |
| Respondent. | FILED: November 12, 2019 |

CHUN, J. — Joel Holmes filed a charge with the Seattle Office of Civil Rights (SOCR), alleging discrimination in violation of Seattle's Public Accommodations Ordinance. The SOCR found no reasonable cause. The Seattle Human Rights Commission (SHRC) denied Holmes's appeal of the SOCR decision. Holmes then sought judicial review in superior court by filing an administrative appeal. Determining the Administrative Procedure Act (APA) does not govern the SHRC, the superior court dismissed Holmes's action for lack of subject matter jurisdiction. Holmes appealed the superior court's ruling. This court asked the parties to address the appealability of the superior court's decision as well as the merits of the appeal. We determine Holmes may appeal the decision as of right, but conclude the superior court properly dismissed the action. Accordingly, we affirm.

# I. BACKGROUND

## A. SOCR Investigation

Holmes filed a charge with the SOCR on August 29, 2017. He alleged that Washington Holdings LLC and Union Square Liability Company discriminated against him on the basis of race when a security guard asked him to leave the lobby of the One Union Square building. Holmes argued that this violated Seattle Municipal Code (SMC) 14.06, which prohibits unfair public accommodations practices.

The SOCR conducted an investigation into Holmes's charge. On February 28, 2018, the SOCR issued its Findings of Fact and Determination. The SOCR determined no reasonable cause existed to believe that SMC 14.06 had been violated.

## B. SHRC Proceedings

Holmes appealed the SOCR's finding of no reasonable cause to the SHRC on March 15, 2018. The SHRC considered whether the SOCR conducted an adequate investigation and whether a preponderance of the evidence supported the SOCR Findings. Determining both in the affirmative, the SHRC denied Holmes's appeal on July 2, 2018.

## C. Superior Court Proceedings

On July 19, 2018, Holmes sought judicial review of the SHRC Order at King County Superior Court by filing an administrative appeal.

SHRC moved to dismiss the appeal for lack of subject matter jurisdiction on August 28, 2018. SHRC asserted that SMC 3.02 (Administrative Code)

2

governs the SHRC and that Holmes could not pursue an administrative appeal under the APA or RCW 49.60 (Washington Law Against Discrimination) because the SHRC is not a state agency or commission. Additionally, SHRC argued that Holmes had not filed a petition for a writ of review under RCW 7.16 (Certiorari, Mandamus, and Prohibition under Special Proceedings and Actions), and that the trial court could not issue one even if he had because he could pursue other remedies—namely, through a private right of action under SMC 14.06.040(A).

Holmes, representing himself, filed a memorandum in response on October 16, 2018. Holmes claimed that defects in the form of an appeal do not affect the court's subject matter jurisdiction.

On October 26, 2018, the trial court granted the SHRC's motion and dismissed Holmes's case for lack of subject matter jurisdiction. The court determined "that it did not have jurisdiction over the [SHRC] because the SHRC is not an 'agency' for the purpose of an administrative appeal."

D. Court of Appeals Proceedings

On November 21, 2018, Holmes appealed the trial court's order granting respondent's motion to dismiss.

On December 12, 2018, this court sent a letter to the parties stating, "It appears that the order appealed from is not reviewable as of right pursuant to RAP 2.2(a)." The court set a hearing for January 4, 2019, and told the parties that they should address the issue in writing prior to the hearing. The parties' initial responses relied on the same arguments they raised at the superior court.

3

On January 4, 2019, following the hearing, a commissioner of this court entered a notation ruling directing the SHRC to "file supplemental briefing addressing the applicability, if any, of SMC 14.06.120(D), as well as what, if any, procedures exist for a party to seek review of a decision of the [SHRC]."

The SHRC filed supplemental briefing on January 17, 2019. The SHRC noted that while SMC 14.06.120(D) does not apply because it concerns the appeal process for charges where the SOCR found reasonable cause of discrimination, SMC 14.06.090 applies because it addresses the procedure after the SHRC affirmed a no reasonable cause determination. The SHRC acknowledged that its previous argument that Holmes could not seek a writ of review under RCW 7.16 was incorrect because it rendered provisions of SMC 14.06 inconsistent with each other and rendered the appeal right of SMC 14.06.090 superfluous. Still, the SHRC asserted that the superior court order is not reviewable as of right, because while Holmes could obtain a writ under RCW 7.16, review would be discretionary.

On April 2, 2019, a commissioner referred the issue of appealability to a panel:

> Neither party has cited authority addressing the issue of appealability in a situation comparable to this one. Accordingly, the issue of appealability is referred to a panel of judges for consideration based on the existing briefing, along with whether review is warranted under RAP 2.3(b) or (d) and the merits if the panel deems it appropriate.

On October 16, 2019, we asked the parties to file supplemental briefs addressing the merits of the appeal—i.e., "whether the superior court erred by dismissing Holmes's action for lack of jurisdiction."

4

## II. ANALYSIS

### A. Appealability

The threshold issue before us regards whether Holmes may appeal the superior court order as of right.

RAP 2.2 lists the various superior court decisions that a party may appeal as of right. Under RAP 2.2(a)(1), a party may appeal a final judgment. "A final judgment is an order that adjudicat[es] all the claims, counts, rights, and liabilities of all the parties." Rose v. Fritz, 104 Wn. App. 116, 120, 15 P.3d 1062 (2001) (internal quotation marks and citation omitted). Where an appeal is filed under the APA, "[a]n aggrieved party may secure appellate review of any final judgment of the superior court under this chapter by the supreme court or court of appeals. The review shall be secured in the manner provided by law for review of superior court decisions in other civil cases." RCW 34.05.526.

Here, the superior court dismissed Holmes's action with prejudice, thereby adjudicating all the claims, counts, rights, and liabilities of all the parties. Because appeals from final judgments in APA actions are treated as any other appeal of a superior court final judgment, the superior court's decision dismissing Holmes's action constitutes a final order that he may appeal as a matter of right.

### B. Merits of Dismissal

We next consider whether the superior court properly dismissed Holmes's action for lack of subject matter jurisdiction. Because Holmes sought judicial review under the APA, we determine the court properly dismissed the appeal.

5

We review de novo a trial court's ruling on subject matter jurisdiction. Banowsky v. Backstrom, 193 Wn.2d 724, 731, 445 P.3d 543 (2019).

Under the APA, "[a] person has standing to obtain judicial review of agency action if that person is aggrieved or adversely affected by the agency action." RCW 34.05.530. The APA defines "agency," as "any state board, commission, department, institution of higher education, or officer, authorized by law to make rules or to conduct adjudicative proceedings, except those in the legislative or judicial branches." RCW 34.05.010(2). "The legislature did not intend this definition to include local agencies . . . that are not concerned with statewide programs or that are not a part of a statewide system." Riggins v. Housing Authority of Seattle, 87 Wn.2d 97, 101, 549 P.2d 480 (1976). The SHRC constitutes a local agency. Seattle Newspaper-Web Pressmen's Union Local No. 26 v. Seattle, 24 Wn. App. 462, 467, 604 P.2d 170 (1979).

Holmes sought judicial reviews in superior court under the APA. But because the SHRC is a local agency, the APA does not govern it.[1] Accordingly,

---

[1] We note that Holmes could have pursued an appeal of the SHRC decision to the superior court by filing a writ of review. Under SMC 14.06.090, "Any party aggrieved by the final dismissal may appeal the order on the record to an appropriate court." Although SMC 14.06.090 enables an appeal of a final dismissal, the Ordinance does not provide a procedure for doing so. See SMC 14.06. The Administrative Code that governs agencies of the City of Seattle (SMC 3.02) also does not provide any guidance. When a party does not have an adequate remedy of law to obtain review of a decision, they may seek a writ of review pursuant to RCW 7.16, which permits courts to grant writs of review when no other adequate remedy at law exists. See RCW 7.16.040. Accordingly, a party aggrieved by a SHRC decision affirming a SOCR no reasonable cause determination and dismissing their charge may seek review by filing a writ of review with the superior court. Though the SHRC originally argued that the superior court could not grant a writ of review under these circumstances, it concedes on appeal that such a writ is available assuming the party meets the criteria.

we determine the superior court did not err by dismissing Holmes's administrative appeal for lack of subject matter jurisdiction.[2]

Affirmed.

_Chun, J._

WE CONCUR:

_Andrus, J._

_____

[2] With respect to the appeal's merits, Holmes bases two of his arguments in his supplemental briefing on his appeal being administrative; these arguments fail because an appeal of a SHRC decision is not administrative. Additionally, Holmes's argument that the Superior Court must hear his appeal because he was threatened with jail for his previous attempts to enter One Union Square lacks merit. Finally, Holmes asserts that a writ cannot constitute the only means for appealing a SHRC decision because "such 'writs' are limited to 'extreme' cases and circumstances." This claim also lacks merit.